# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18−cv–1119−SMY |
| | ) |
| JOSEPH HARPER, and | ) |
| CHESTER DIETARY STAFF, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Christopher Davis, an inmate at Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that allegedly occurred at Chester Mental Health Center ("Chester"). Plaintiff asserts that he was incarcerated at Chester after being found unfit to stand trial in his criminal proceedings. This suggests that he met the statutory definition in § 1915A for a "prisoner" at the time of the relevant events. (Doc. 1, p. 17). Plaintiff requests equitable relief and damages.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff is a practicing Muslim. (Doc. 1, p. 17). He has an allergy to carrots, bananas, and milk, which he reported to the staff at Chester. *Id*. In 2016, Plaintiff told the staff he wished to participate in Ramadan, a month-long Islamic fast. (Doc. 1, pp. 17-18). Staff permitted Plaintiff to participate, but Plaintiff was not provided with adequate calories and nutritious meals or permitted to perform the salats (prayer). (Doc. 1, p. 19).

Plaintiff was initially served breakfast trays with milk, one of his allergies. *Id*. When Plaintiff complained, his breakfast meal was changed to oatmeal and/or grits, but the oatmeal and grits were served cold because the breakfast tray was being prepared the night before. *Id*. Plaintiff was denied adequate food at breakfast because he refused to eat hot food cold, and staff,

2

including Harper, refused to accommodate him by microwaving the food or substituting cold food that didn't trigger Plaintiff's allergies. (Doc. 1, pp. 20-21).

Plaintiff's dinner trays were also frequently served cold and often contained carrots. (Doc. 1, p. 21). When Plaintiff reported the carrots, he would not get a replacement because the dietary staff had left for the day. (Doc. 1, p. 22). Plaintiff refused to eat any food served cold except chicken salad and tuna salad. *Id*. When he complained, he was advised that it was his option to participate in Ramadan. *Id*.

The end of Ramadan is marked by a feast called the Eid Celebration. (Doc. 1, p. 23). Plaintiff wanted to participate in the feast, but the feast tray contained carrots, despite Plaintiff's well-documented allergy. *Id*. Plaintiff was told he could go to lunch later, but he was not allowed to attend lunch or given a replacement tray. *Id*. Plaintiff was also prohibited from celebrating the end of Ramadan together with other Islamic inmates. (Doc. 1, p. 24). Staff retaliated against Plaintiff when he complained about his treatment to Islamic activist groups by calling him an ISIS member, interrupting his prayers, and threatening to write him up for being disruptive while he was praying. (Doc. 1, pp. 24-25).

Harper refused to take steps to make sure that Plaintiff received adequate care and treatment while at Chester. (Doc. 1, p. 25). Harper also refused to intervene when the dietary staff refused to provide Plaintiff with adequate nutrition during Ramadan. *Id*.

## **Discussion**

Previously, the Court reviewed the Complaint and determined that Plaintiff had attempted to bring improperly joined claims. (Doc. 16). That Order designated a single claim for this action:

**Count 1** – Harper and Chester Dietary Staff violated Plaintiff's First Amendment rights when they substantially burdened his practice of religion when they ignored his documented allergies in preparing food for Ramadan and associated feasts.

An inmate's religious free exercise rights are violated if the prison places a "substantial burden" on his practice of his religion. *Nelson v. Miller*, 570 F.3d 868, 877 (7th Cir. 2009). A religious diet is substantially burdened when officials force an inmate to choose between his religious practice and adequate nutrition. *Id*. at 879; *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990) (failure to ensure staff kept pork products separate from pork substitute substantially burdened Muslim inmate's practice of religion).

Plaintiff alleges Defendants effectively burdened his practice of religion because they accommodated his religious diet by serving food to which Plaintiff had a documented food allergy. Plaintiff also alleges that Defendants specifically told him his option was to cancel his Ramadan accommodation if he wanted to avoid his food allergies. According to these allegations, Plaintiff was presented with a choice between following his religious practice or adequate nutrition. The Seventh Circuit has found that this violates the First Amendment. Accordingly, Plaintiff's First Amendment claim will proceed as to all Defendants.

## Pending Motions

Plaintiff has moved the Court to appoint him counsel. (Doc. 3). A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question – if a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Here, Plaintiff has met his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010); *Brock v. Beelman Co.,* 2010 WL 1692769, at * 2 (S.D.Ill. April 27, 2010). However, the Court finds that Plaintiff is competent to litigate this matter at this time. Plaintiff's pleadings have been clear and easy to understand. Plaintiff alleges that he may need assistance in the discovery phase, but the case has not reached that stage, and most of the information relevant to Plaintiff's claim (his religious beliefs, practices, and food allergies) is within Plaintiff's own personal knowledge. Therefore, Plaintiff's Motion is **DENIED**. Plaintiff may renew his motion if the case becomes more difficult in the future. (Doc. 3).

### Disposition

**IT IS HEREBY ORDERED** that Count 1 survives threshold review against Harper and the unknown Chester Dietary Staff.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Harper: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, if Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: September 14, 2018**

                                        s/ STACI M. YANDLE
                                        **U.S. District Judge**