# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER DAVIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOSEPH HARPER, and )<br>CHESTER DIETARY STAFF, )<br>)<br>Defendants. )<br>)<br>)<br>) | Case No. 18−cv−1119−SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Christopher Davis, formerly an inmate within the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 for events that allegedly occurred at while he was in custody at Chester Mental Health Center ("Chester"). Now before the Court is Defendant Harper's Motion for Summary Judgment on the issue of exhaustion. (Doc. 46).[1] For the following reasons, the Motion is **GRANTED**.

Under Federal Rule of Civil Procedure 56(e), "[i]f a party fails ... to properly address another party's assertion of fact" the Court may "consider the fact undisputed for purposes of the motion." Relatedly, under Local Rule 7.1(c), a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." Consistent with these Rules, the Court deems the facts asserted in Harper's motion undisputed and

---

[1] On June 26, 2020, the undersigned issued a Federal Rule of Civil Procedure 56 Notice to Plaintiff and allowed him up to and including July 28, 2020 to respond to the Motion. (Doc. 50). As of this date, Plaintiff has not responded.

1

Plaintiff's failure to respond as an admission of the merits of Defendant Harper's motion.  See, *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (noting that a failure to respond constitutes an admission that there are no undisputed material facts).

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA").  *See* 42 U.S.C. § 1997e(a). Pursuant to the Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  *Id*.  This includes individuals confined in a mental health treatment facility.  *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004).  "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require."  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005).  The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement – exhaustion must occur before suit is filed. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

The following claim survived the Court's screening of the Complaint in this case pursuant to 28 U.S.C. § 1915A (Doc. 17): Count 1 – Harper and Chester Dietary Staff violated Plaintiff's First Amendment rights when they substantially burdened his practice of religion when they ignored his documented allergies in preparing food for Ramadan and associated feasts.  Plaintiff also submitted an Office of the Inspector General (OIG) Report with his Complaint which indicates that Harper was included in a series of e-mails regarding Plaintiff's carrot allergies.  (Doc. 1, p 13-16).  However, there is no indication in that Report that Harper was involved in Plaintiff receiving

carrots. As such, the Court finds that Plaintiff failed to exhaust his administrative remedies as to Harper.

## Conclusion

For the foregoing reasons, the Motion for Summary Judgment on the issue of exhaustion filed by Defendant Harper (Doc. 46) is **GRANTED** and the claim against Harper is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: August 10, 2020**

s/ STACI M. YANDLE
**U.S. District Judge**