IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER DAVIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18−cv−1119−DWD |
| ) | |
| **CHESTER DIETARY STAFF,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court for case management purposes. Plaintiff Christopher Davis, formerly an inmate within the Illinois Department of Corrections ("IDOC"), brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that allegedly occurred at Chester Mental Health Center ("Chester"). Plaintiff has failed to comply with the Court's Orders (Docs. 39 and 53) regarding identification of the unidentified defendant Chester Dietary Staff. As a result, this Defendant and the case are **DISMISSED**.

The Court entered a Scheduling and Discovery Order requiring that "[m]otions for leave to amend the pleadings, including the addition of parties and the identification of John Doe defendants, shall be filed by December 16, 2019." (Doc. 39, p. 2). Plaintiff was warned that failure to follow the Scheduling and Discovery Order may result in sanctions, including dismissal of the case. (*Id.*, p. 1).

Plaintiff failed to identify the unknown party—labeled "Chester Dietary Staff" in his Complaint— by the deadline, and made no effort to extend the deadline or state what additional steps were necessary to allow identification. The Court entered an Order to Show Cause (Doc. 53) requiring Plaintiff to show cause by August 20, 2020, why Chester Dietary Staff should not be dismissed. The deadline has long passed and Plaintiff has not responded. Even taking into account the unprecedented pressures on the postal system, it does not appear that any response is forthcoming.

For these reasons, Plaintiff's claim against Defendant Chester Dietary Staff—the sole remaining defendant— is **DISMISSED**, and this action is **DISMISSED with prejudice**, based on Plaintiff's failure to comply with orders of the Court and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer,* 9 F.3d 26, 28-29 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice."). Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: November 6, 2020**

David W. Dugan
United States District Judge